## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID CATANZARO ) | Case No.: 1:10-cv-00403 |
| 286 Upper Powderly Street ) | |
| Carbondale, PA 18407 ) | Judge Kathleen M. O'Malley |
| ) | |
| Plaintiff and Counterclaim-Defendant, ) | |
| ) | |
| v. ) | **DEFENDANT CHURCH & DWIGHT** |
| ) | **CO., INC.'S ANSWER AND** |
| PROCTOR & GAMBLE CO. ) | **COUNTERCLAIMS TO PLAINTIFF'S** |
| 1 Proctor & Gamble Plaza ) | **THIRD AMENDED COMPLAINT FOR** |
| Cincinnati, OH 45202 ) | **PATENT INFRINGEMENT** |
| ) | |
| Defendant ) | [Jury Demand Endorsed Hereon] |
| ) | |
| and ) | |
| ) | |
| WAL-MART STORES, INC. ) | |
| 702 SW 8th Street ) | |
| Bentonville, AR 72716-8611 ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| CVS PHARMACY, INC. ) | |
| One CVS Drive ) | |
| Woonsocket, RI 02895 ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| RITE AID CORPORATION ) | |
| 30 Hunter Lane ) | |
| Camp Hill, PA 17011 ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |

- 1 -

| | |
|---|---|
| CHURCH & DWIGHT CO., INC. | ) |
| 469 North Harrison Street | ) |
| Princeton, NJ 08543 | ) |
| | ) |
|     Defendant and Counterclaim-Plaintiff | ) |
| | ) |
|         and | ) |
| | ) |
| DOES 1 THROUGH 50 | ) |
| Addresses Unknown | ) |
| | ) |
|     Defendants | ) |

Defendant Church & Dwight Co., Inc. ("Church & Dwight"), by and through its undersigned counsel, hereby sets forth its Answer and Counterclaims to Plaintiff's Third Amended Complaint for Patent infringement ("Third Amended Complaint").

## ANSWER

1. Upon information and belief, Church & Dwight admits that the civil docket for case 1:10-cv-00403-KMO appearing on the Court's ECF web site indicates that Plaintiff filed an initial complaint on December 15, 2008, an amended complaint on January 14, 2009, and a second amended complaint on February 8, 2010. Church & Dwight denies that any of the aforementioned complaints named Church & Dwight as a party to the action. Church & Dwight also denies the remaining averments of Paragraph 1 of the Third Amended Complaint.

2. Church & Dwight denies that Plaintiff has any viable claim for patent infringement against Church & Dwight and any of its customers. The remaining allegations of Paragraph 2 are legal conclusions which require no admission or denial.

3. Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Third Amended Complaint and therefore denies them.

4.   Church & Dwight admits that attached to the Third Amended Complaint is what purports to be a copy of U.S. Patent No. No. 6,026,532 ("the '532 Patent"), entitled "Toothbrush Assembly, and that it states on its face that it was issued on February 22, 2000.  Church & Dwight denies that the '532 Patent was duly and legally issued.  Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Third Amended Complaint and therefore denies them.

5.   Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Third Amended Complaint and therefore denies them.

6.   Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Third Amended Complaint and therefore denies them.

7.   Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Third Amended Complaint and therefore denies them.

8.   Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Third Amended Complaint and therefore denies them.

9.   Church & Dwight admits the allegations contained in Paragraph 9 of the Third Amended Complaint.

10.   Church & Dwight admits that it transacts business in the Northern District of Ohio.  Church & Dwight denies the remaining allegations in Paragraph 10 of the Third Amended Complaint to the extent that they relate to Church & Dwight and its customers.  Church &

Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Third Amended Complaint relating to defendants other than Church & Dwight and its customers, and therefore denies them.

11. Church & Dwight admits that it purchased the Spinbrush® product line from Proctor & Gamble Co. in 2005. Church & Dwight also admits that it sells and offers for sale in the United States toothbrushes sold under the Spinbrush name. Church & Dwight denies the remaining allegations in Paragraph 11 of the Third Amended Complaint to the extent that they relate to Church & Dwight and its customers. Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Third Amended Complaint relating to defendants other than Church & Dwight and its customers, and therefore denies them.

12. Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Third Amended Complaint and therefore denies them.

13. Church & Dwight admits that the '532 Patent expired at least as early as February 22, 2004. Church & Dwight denies that the '532 Patent is valid and/or enforceable or that Plaintiff is entitled to any damages. Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Third Amended Complaint and therefore denies them.

14. The allegations of Paragraph 14 are legal conclusions which require no admission or denial.

15. The allegations of Paragraph 15 are legal conclusions which require no admission or denial.

16. Church & Dwight denies the allegations of Paragraph 16 to the extent that they relate to Church & Dwight and its customers. Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Third Amended Complaint relating to defendants other than Church & Dwight and its customers, and therefore denies them.

17. Church & Dwight denies the allegations of Paragraph 17 to the extent that they relate to Church & Dwight and its customers. Church & Dwight lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Third Amended Complaint relating to defendants other than Church & Dwight and its customers, and therefore denies them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

18. Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (NONINFRINGEMENT)

19. Church & Dwight and its customers have not infringed, willfully infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '532 Patent, either literally or under the doctrine of equivalents, and Church & Dwight and its customers are not liable for any acts of willful infringement of the '532 Patent.

### THIRD DEFENSE
### (INVALIDITY)

20. The claims of '532 Patent are invalid, void, and/or unenforceable for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without

limitation, one or more of §§ 101, 102, 103, 112, 116, 132, 135, and 256. The '532 Patent is also invalid, void, and or unenforceable because it expired and not properly reinstated.

### FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

21. The claims of the '532 Patent are limited by the text of the patent, the prosecution history, and/or the prior art so that Plaintiff is estopped, or otherwise precluded, from asserting that any claim is infringed by Church & Dwight and its customers, literally or by equivalents.

### FIFTH DEFENSE
### (LACHES, ESTOPPEL, ACQUIESENCE, OR WAIVER,)

22. Plaintiff's claims are barred by the doctrine of laches, estoppel, acquiescence and/or waiver.

### SIXTH DEFENSE
### (UNCLEAN HANDS)

23. The '532 Patent is unenforceable by reason of Plaintiff's unclean hands and/or patent misuse in attempting to enforce the '532 Patent in bad faith, knowing that the '532 Patent is invalid, unenforceable, and/or not infringed by Church & Dwight and its customers, contrary to the laws of the United States.

### SEVENTH DEFENSE
### (INTERVENING RIGHTS)

24. Plaintiff's claims are barred against Church & Dwight and its customers under 35 U.S.C. § 41(c)(2) and the doctrine of intervening rights.

### EIGHTH DEFENSE
### (LIMITATIONS ON DAMAGES)

25. Plaintiff's claim for damages, if any, against Church & Dwight and its customers is statutorily limited by 35 U.S.C. § 287.

## NINTH DEFENSE
## (COSTS BARRED)

26. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## TENTH DEFENSE
## (LACK OF STANDING)

27. Plaintiff does not have standing to bring an action for infringement of the '532 Patent under the Patent Laws of the United States.

## CHURCH & DWIGHT'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc. ("Church & Dwight") states as follows:

## PARTIES

1. Church & Dwight is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Princeton, NJ 08543.

2. On information and belief, David Catanzaro is an individual currently residing at 286 Upper Powderly Street, Carbondale, PA 18407.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

4. This Court has personal jurisdiction over Plaintiff and Counterclaim-Defendant.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1400(b).

## COUNTERCLAIM I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,026,532

6. Church & Dwight restates and incorporates by reference Counterclaim Paragraphs 1-5 as if fully set forth herein.

7. There is an actual, substantial, and continuing justiciable controversy between Church & Dwight and Plaintiff and Counterclaim-Defendant David Catanzaro regarding the infringement, validity, and enforceability of the '532 Patent.

8. Church & Dwight and its customers have not directly infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '532 Patent, either literally or under the doctrine of equivalents.

9. Church & Dwight and its customers have not willfully infringed any valid and enforceable claim of the '532 Patent.

10. Church & Dwight is entitled to a declaration that it and its customers do not infringe any valid and enforceable claim of the '532 Patent.

11. Church & Dwight is entitled to a judicial declaration that it and its customers have not infringed or induced infringement of any valid and enforceable claim of the '532 Patent.

## COUNTERCLAIM II

### Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 6,026,532

12. Church & Dwight repeats and realleges the allegations made in Counterclaim Paragraphs 1 through 11 as if set forth fully herein.

13. There is an actual, substantial, and continuing justiciable controversy between Church & Dwight and Plaintiff and Counterclaim-Defendant David Catanzaro regarding the validity and enforceability of the '532 Patent.

14. The claims of the '532 Patent are invalid, void, and/or unenforceable for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, 111, 112, 116, 132, 135, 256, and 287. The '532 Patent is also invalid, void and/or unenforceable because it expired and was not properly reinstated.

15. The '532 Patent is also unenforceable by reason of Plaintiff and Counterclaim-Defendant's unclean hands and/or patent misuse in attempting to enforce the '532 Patent in bad faith, knowing that the '532 Patent is invalid, unenforceable, and/or not infringed by Church & Dwight and its customers.

16. Church & Dwight is entitled to a declaration that all claims of the '532 Patent are invalid, void, and/or unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Church & Dwight requests the entry of judgment in its favor on both the Third Amended Complaint and Church & Dwight's Counterclaims and prays that the Court:

(a) declare that Church & Dwight and its customers have not directly infringed, contributorily infringed, or induced the infringement of any claim of the '532 Patent, either literally or under the doctrine of equivalents;

(b) declare that Church & Dwight and its customers have not willfully infringed any claim of the '532 Patent;

(c) declare that Plaintiff and Counterclaim-Defendant's claims are barred under the doctrine of intervening rights;

(d) declare that the '532 Patent is invalid, void, and/or unenforceable;

- 9 -

(e) enjoin and restrain Plaintiff and Counterclaim-Defendant, and those persons in active concert or participation with Plaintiff and Counterclaim-Defendant, from further charges of infringement or acts of enforcement based upon the '532 Patent against Church & Dwight, its actual and prospective customers, suppliers, and anyone else in privity with Church & Dwight;

(f) enter judgment against Plaintiff and Counterclaim-Defendant and in favor of Church & Dwight and dismiss the Third Amended Complaint in its entirety with prejudice;

(g) declare that Plaintiff and Counterclaim-Defendant take nothing by reason of its claims against Church & Dwight and its customers;

(h) conclude that this case is exceptional and award Church & Dwight its reasonable attorneys' fees under 35 U.S.C. § 285, together with the costs and disbursements of this action; and

(i) award such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Pete C. Elliott
Pete C. Elliott (0002235)
Denis Ticak (0082983)
Lori H. Welker (0085109)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216-363-4500
Facsimile: 216-363-4588
Email: pelliott@beneschlaw.com
dticak@beneschlaw.com
lwelker@beneschlaw.com

James H. Shalek (*pro hac vice* to be filed)
Baldassare Vinti (*pro hac vice* to be filed)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone:    212-969-3000
Facsimile:    212-969-2900
Email:        jshalek@proskauer.com
              bvinti@proskauer.com

*Attorneys for Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc.*

## JURY DEMAND

Defendant and Counterclaim-Plaintiff, Church & Dwight Co., Inc. hereby demands a jury trial on all claims, counterclaims, defenses, and other issues so triable by the maximum number of jurors allowed by law.

/s/ Pete C. Elliott
*One of the Attorneys for Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2011, a copy of the foregoing Defendant Church & Dwight Co., Inc.'s Answer and Counterclaims to Plaintiff's Third Amended Complaint for Patent Infringement was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Pete C. Elliott
*One of the Attorneys for Defendant and Counterclaim-Plaintiff Church & Dwight Co., Inc.*